UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS RUIZ,

    Plaintiff,

v.                                            Case No. 3:15cv553/MCR/CJK

W.D. RUMMEL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). Upon review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Middle District of Florida, based on venue considerations.

Plaintiff is an inmate of the Florida penal system currently confined at Florida State Prison in Raiford, Florida. Florida State Prison is located in the Middle District. Plaintiff's complaint names three defendants: W.D. Rummel, Chief Health Officer at Santa Rosa Correctional Institution; M. Nichols, ARNP at Santa Rosa CI; and Rodrigo Vivas, the Director of the Medical Department and the Chief Health Officer at Florida State Prison. Plaintiff alleges that he was injured during an inmate assault

on May 21, 2010, while confined at Santa Rosa CI; that defendants Rummel and Nichols failed to provide adequate medical care for his injuries; that plaintiff developed numbness in various areas on the left side of his body while confined at Santa Rosa CI and defendants Rummel and Nichols failed to provide adequate medical care for the condition from 2010 to 2013; that plaintiff was seen by defendant Dr. Vivas in March of 2012, at the Reception and Medical Center and Vivas informed plaintiff he had a fractured spinal cord; that since 2013, plaintiff has been transferred to other institutions where he has continued to be denied medical care for his condition; that plaintiff was transferred to Florida State Prison on July 8, 2015; and that in August of 2015, plaintiff saw defendant Dr. Vivas at FSP, where Vivas informed plaintiff that he has degenerative disc disease. Plaintiff expresses skepticism about Dr. Vivas' diagnosis and complains that Vivas has not scheduled any follow-up care.

Plaintiff recognizes that he is a "three-striker" and must satisfy 28 U.S.C. § 1915(g)'s "imminent danger" exception in order to avoid dismissal of this action.[1]

---

[1] The court takes judicial notice of its own records which reveal that in the Northern District alone, plaintiff has had at least five prior civil actions dismissed as malicious or for failure to state a claim. *See Ruiz v. Osteen*, No. 3:12cv240/MCR/EMT, 2013 WL 5954692 (N.D. Fla. Nov. 7, 2013) (dismissing plaintiff's civil rights action as malicious); *Ruiz v. Williams*, No. 3:12cv404/MCR/CJK, 2013 WL 1197768 (N.D. Fla. Mar. 25, 2013) (dismissing plaintiff's civil rights action as malicious); *Ruiz v. Shaner*, No. 3:12cv405/LC/CJK, 2012 WL 3938418 (N.D. Fla. Sept. 10, 2012) (dismissing plaintiff's civil rights action as malicious); *Ruiz v. Gaynor*, No. 3:12cv443/LC/EMT, 2012 WL

*See* 28 U.S.C. § 1915(g) (prohibiting a prisoner from proceeding *in forma pauperis* in a civil action or appeal "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").

To that end, plaintiff claims that the ongoing denial of medical care, including defendant Dr. Vivas' presently "ignoring" plaintiff's condition, puts him in imminent

---

4478781 (N.D. Fla. Sept. 28, 2012) (dismissing plaintiff's civil rights action as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process); *Ruiz v. Gaynor*, No. 3:12cv495/MCR/CJK, 2013 WL 5234314 (N.D. Fla. Sept. 16, 2013) (dismissing plaintiff's civil rights action for failure to state a claim on which relief can be granted). These cases may be positively identified as having been filed by plaintiff because they bear his inmate number (DC #086219), and because plaintiff acknowledges them in his complaint.

*Case No: 3:15cv553/MCR/CJK*

danger of serious physical injury.

Defendants Rummel's and Nichols' allegedly inadequate medical care cannot form the basis for a finding of imminent danger, as plaintiff is not presently, nor has he been recently, under their care. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)]".). Plaintiff is presently confined at Florida State Prison, and has been confined there for over five months. The decisions concerning plaintiff's medical care are being coordinated by staff at Florida State Prison, including defendant Dr. Vivas. Dr. Vivas, plaintiff and plaintiff's medical records are located in the Middle District.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. Furthermore, 28 U.S.C. § 1404 provides: "For the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

The assessment of plaintiff's allegations of imminent danger should be made, and this lawsuit maintained (if it is not dismissed), in the Middle District. Neither the private interests of the litigants nor the public interest in the administration of justice is advanced by venue being maintained in this District.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 16th day of December, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

*Case No: 3:15cv553/MCR/CJK*