**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CARLOS RUIZ,

        Plaintiff,

v.                                            Case No. 3:16-cv-17-J-32MCR

RODRIGO VIVAS, et al.,

        Defendants.
_____

## ORDER

### I. Status

Plaintiff Carlos Ruiz, an inmate of the Florida penal system who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. 1) pursuant to 42 U.S.C. § 1983. The Court entered an Order (Doc. 12), recognizing that Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g), but provided him with an opportunity to file an amended complaint. Plaintiff filed an Amended Complaint (Doc. 14) on February 26, 2016, pursuant to the mailbox rule.[1]

Plaintiff names as Defendants Dr. Rodrigo Vivas, Chief Health Officer at Florida State Prison (FSP), and Dr. Gama, a neurologist at the Reception and Medical Center (RMC). Id. at 1, 3. Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs. Id. at 8. He contends that he was attacked by another inmate in 2010 and suffered

---

[1] Citations to the Amended Complaint are to the page numbers assigned by the Court's electronic case filing system.

severe injuries, including a fractured spinal cord and skull, which ultimately resulted in numbness of his left side. Id. at 8-9.

In March 2012 at RMC, Plaintiff saw Defendant Vivas, and Defendant Vivas ordered and x-ray. Id. at 10. After reviewing the x-ray results, Defendant Vivas told Plaintiff that he had a fracture in his spine, which would explain the numbness in Plaintiff's leg. Id. That same day, Defendant Vivas performed some additional testing on Plaintiff's back and advised him that he would order an MRI. Id. Plaintiff received the MRI, and he was told that the results "did not show anything." Id. Defendant Vivas subsequently "disappeared" from RMC. Id.

In May 2012, Plaintiff returned to Santa Rosa Correctional Institution. Id. at 11. In 2013, Dr. Mendoza at the Central Florida Reception Center told Plaintiff, "'There is nothing in today['s] medicine to correct your brain numbness, and one day you may los[e] control of the left side of your face.'" Id. Dr. Mendoza examined Plaintiff and advised him that his left leg "was getting atrophied." Id. Also in 2013, Defendant Gama reviewed Plaintiff's MRI results,[2] and he "did not find anything wrong." Id. at 13. Defendant Gama also tested Plaintiff's reflexes by using "a computer method of inserting a needle into Plaintiff's leg . . . and also on Plaintiff's lower back." Id. Defendant Gama opined that Plaintiff's "muscles were working just fine." Id.

Most recently, Plaintiff indicates he was transferred to FSP in July 2015. Id. Once he was at FSP, Plaintiff saw Defendant Vivas, who ordered another x-ray. Id. at 11. According to Plaintiff, Defendant Vivas told him that "'mistakes can be made . . . [n]ow we will find out

---

[2] It is unclear whether this is the same MRI ordered by Defendant Vivas in 2012 or whether Plaintiff had another MRI in 2013.

2

why your left side is numb." Id. Plaintiff was subsequently told that his x-ray showed that he had "degenerative disc disease" in the same place that Plaintiff was previously told he had a fracture, and that Defendant Vivas had not scheduled any follow-up appointments. Id. at 12. Plaintiff claims that Defendant Vivas subsequently "disappeared" from FSP. Id. at 16.

Plaintiff disagrees with the diagnoses given and while he recognizes that he has received medical care, including x-rays, at least one MRI, reflex testing, examinations, and a medical pass, he is not satisfied with this treatment. Id. at 11-13, 15. He states that over the past five-and-one-half years, he has filed hundreds of grievances regarding his medical conditions, specifically the numbness in his left side,[3] but according to Plaintiff, he still has not received the appropriate treatment. Id. at 9, 10, 12. As relief, Plaintiff requests monetary damages and an order directing that he be seen by an outside specialist. Id. at 18.

Each Defendant filed a motion to dismiss, arguing that Plaintiff has failed to state a claim upon which relief may be granted and alternatively, Plaintiff's Amended Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g). See Defendant's Corrected Motion to Dismiss Amended Civil Rights Complaint for Failure to State a Cause of Action and Because of Violation of 28 U.S.C. § 1915(g) (Doc. 29); Defendant Rodrigo Vivas, M.D.'s Motion to Dismiss Plaintiff's Amended Civil Rights Complaint for Failure to State a Cause of Action and Pursuant to 28 U.S.C. § 1915(g) (Doc. 38). The Court previously notified Plaintiff that the granting of a motion to dismiss may foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Order (Doc. 19). Plaintiff filed responses to

---

[3] In one of Plaintiff's filings, he states that the only issue in this case is his "claim of numbness." Doc. 46 at 2.

3

Defendants' Motions (Docs. 33, 43), as well as several supplements and notices (Docs. 34-36, 40-42, 44-50). Plaintiff argues that the FDOC's "High Command is behind Plaintiff's injuries, medical condition, and full cover up of it." Doc. 33 at 6.

## II. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. Haines v. Kerner, 404 U.S. 519 (1972); Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

To state a claim for deliberate indifference to a serious medical need, "'a plaintiff must satisfy both an objective and a subjective inquiry.'" Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)); see Valderrama v. Rousseau, 780 F.3d 1108, 1116 (11th Cir. 2015); Gilmore v. Hodges, 738 F.3d 266, 273-74 (11th Cir. 2013). The objective component requires a plaintiff to show that he had a serious medical need. Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). To satisfy the subjective component, a plaintiff must show that the prison official acted with

deliberate indifference to his serious medical need. Id. Deliberate indifference is more than "mere negligence." Farrow, 320 F.3d at 1245 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511 U.S. 825, 835 (1994)). Indeed, it requires "three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Id. at 1245-46 (citations omitted); see Townsend v. Jefferson Cty., 601 F.3d 1152, 1158 (11th Cir. 2010); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010).

### III. Analysis

Assuming that Plaintiff has alleged a serious medical need, the Court finds that he has not sufficiently alleged that Defendants were deliberately indifferent to that need. A review of the Amended Complaint reflects that Plaintiff disagrees with the medical care provided by Defendants, including the MRI and x-ray results, but mere disagreement with the care received does not rise to the level of deliberate indifference. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted) ("[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment."). This is not a case in which the Defendants failed to treat Plaintiff. Indeed, by Plaintiff's own allegations, the named Defendants provided him with medical treatment and testing when Plaintiff presented his complaints to them. Plaintiff is simply not satisfied with the treatment he has received, but such dissatisfaction does not amount to a federal constitutional violation.

When an inmate has received medical care, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law. Thus,

where an inmate receives medical care, but desires a different mode of treatment, the care provided does not amount to deliberate indifference." See Murphy v. Turpin, 159 F. App'x 945, 949 n.4 (11th Cir. 2005) (citations omitted); Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (recognizing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation," unless of course, the care received is "grossly incompetent" or a "choice of an easier but less efficacious course of treatment" is given); Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that "[a]lthough [a prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference"). Although Plaintiff has not received the care he desires, his allegations are insufficient to allow the Court to draw the reasonable inference that Defendants' care was "grossly incompetent" or an unnecessary and wanton infliction of pain. Hernandez v. Sec'y Fla. Dep't of Corr., 611 F. App'x 582, 584 (11th Cir. 2015) ("Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."). Additionally, that one physician (Dr. Mendoza) allegedly told Plaintiff that his condition may get worse with time does not automatically render the named Defendants' subsequent treatment inadequate.[4] See Milton v. Turner, 445 F. App'x 159, 165 (11th Cir. 2011) (noting that a difference in physicians' medical opinions does not equate to deliberate indifference); Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) ("Nothing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate

---

[4] Likewise, Plaintiff's allegations relating to the alleged lack of medical treatment by the Department and other individuals who are not parties in this case do not confer liability on the named Defendants.

6

his own professional judgment to that of another doctor; to the contrary, it is well established that a simple difference in medical opinion does not constitute deliberate indifference" (internal quotations and citation omitted)); see also Hernandez, 611 F. App'x at 584 (stating that "neither a difference in medical opinion between the inmate and the care provider, nor the exercise of medical judgment by the care provider, constitutes deliberate indifference").

In light of the foregoing, the Motions are due to be granted to the extent they seek dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted.[5] Accordingly, it is

**ORDERED:**

1. Defendant's Corrected Motion to Dismiss Amended Civil Rights Complaint for Failure to State a Cause of Action and Because of Violation of 28 U.S.C. § 1915(g) (Doc. 29) and Defendant Rodrigo Vivas, M.D.'s Motion to Dismiss Plaintiff's Amended Civil Rights Complaint for Failure to State a Cause of Action and Pursuant to 28 U.S.C. § 1915(g) (Doc. 38) are **GRANTED to the extent** that this case is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

---

[5] In light of this finding, the Court need not address Defendants' arguments relating to Plaintiff's status as a three-strikes litigant under 28 U.S.C. § 1915(g).

    2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of December, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

cr 12/1
c:
Carlos Ruiz, #086219
Counsel of Record